IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DAUPHIN ISLAND PROPERTY OWNERS ASSOCIATION, INC., a non-profit corporation; and JAMES W. HARTMAN, et. al.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 00-115-L<br><br>Hon. Bohdan A. Futey |

**JOINT MOTION FOR ENLARGEMENT OF TIME**
**IN WHICH FINAL IMPACT REPORT TO BE ISSUED**

Pursuant to Rule 6 of the Rules of the United States Court of Federal Claims and by agreement, the parties by and through their respective counsel of record, jointly move this Honorable Court to extend the time limit from October 30, 2007, to January 10, 2008 for Dr. Mark Byrnes, the Principal Investigator ("PI"), to issue his Final Impact Report as outlined in the Litigation Settlement Agreement ("LSA") dated July 5, 2005 and approved by Order of this Court on September 5, 2006 (Doc. 167), and for good cause show unto the Court the following reasons:

1. Pursuant to a Joint Motion filed by the parties on August 29, 2007 (Doc. 179) and the Court's Order entered August 30, 2007 (Doc. 180), the Independent Technical Review Team ("ITRT") Members for the respective parties to the LSA were allowed through September 30, 2007 within which to provide their comments, if not already provided by the time the Order was entered. Correspondence from all ITRT members was received not later than September 30, 2007. The PI was allowed through October 30, 2007 in which to file his Final Impact Report.

2. On October 26, 2007, counsel for the parties to the LSA received correspondence dated October 24, 2007, from the PI (a copy of which is attached as Exhibit "A"). In it the PI explains why it is necessary for him to obtain an extension of time and modification to the study contract for both study scope and money to allow completion of the impact study and the issuance of the Final Impact Report.

3. Without waiving any objections, rights, remedies, or obligations as contained in the LSA as approved by the Court's Order of September 5, 2006, the parties to the LSA have agreed to seek modification to the impact study contract and seek the required additional funding even if the scope of the original study may arguably have been exceeded. Because the additional time and added scope to the study, additional funding sources and authority are required.

4. The State of Alabama ("Alabama") is a party to the LSA, though not a named party in this litigation. The funding for Alabama's obligation in the completion of the LSA and in specific the impact study is pursuant to the Federal Cost Sharing Agreement executed between Alabama's Port Authority and the U. S. Army Corps of Engineers (the "Corps") on September 12, 2006. On information and belief the Board of Directors of the Port Authority for the State of Alabama does not meet again until November 27, 2007 at which it will consider the additional request for moneys to be expended on this study contract. Even though the estimated additional funding is currently available to the Corps for this modification to the study contract, it may not authorize or fund the study modification without being in receipt of the State's matching funds.

As a consequence, assuming funding authority and release of necessary moneys will be granted by the Port Authority for the State of Alabama, those funds would not likely reach the Corps for credit into its financial management system until on or about December 10,

2007. Upon receipt and credit of the matching funds, the Corps is authorized, though subject to the non-waiver and reservation of rights language contained herein, to immediately modify the existing study contract with the PI and to authorize his completion of the Final Impact Report. On the assumption that the PI's workload does not change or other event does not affect his work in progress, the PI has estimated he will need an additional 30 days beyond his authorization date within which to complete the Final Impact Report, or, at the earliest, January 10, 2008.

5. This joint motion is not interposed for any purpose of delay.

6. This request for extension of time does not diminish any right or remedy of any class member to this litigation, and all other parties have specifically not waived and have reserved any and all rights, remedies, or objections to the revised scope of the impact study or the additional funding therefore.

7. As described above, although not a party to this litigation the State of Alabama is a party to the LSA and the Honorable Robert Tambling, Assistant Attorney General and Chief of the Environmental Division, Attorney General's Office for the State of Alabama (who has been involved due to William D. Little's [Assistant Attorney General] temporary absence) has expressly agreed with this joint motion request, subject to the non-waiver and preservation of rights language herein-above, and has authorized Counsel for the United States to so inform this Court.

8. Counsel for the United States has been given express authority to sign this joint motion on behalf of all other counsel and they have authorized him to so inform this Court.

WHEREFORE, the parties jointly move the Court to enter an Order extending the time for the Principal Investigator to issue his Final Impact Report to be not later than January 10, 2008.

Dated: October 30, 2007.

Respectfully Submitted,
/s/ Gary Alan Moore

_______________________________
GARY ALAN MOORE
Assistant United States Attorney
c/o United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, AL 36602
Telephone: 251.441.5845
Facsimile: 251.441.5051
Email: gary.moore2@usdoj.gov
Attorney for Defendant

/s/ Daniel G. Blackburn

_______________________________
DANIEL G. BLACKBURN
BLACKBURN & CONNER, P.C.
P.O. Box 458
Bay Minette, AL 36507
Telephone: 251.937.1750
Facsimile: 251.937.1785
Email dblackburn@blackburnpc.com
Attorney for Plaintiffs

Of Counsel to Plaintiffs:
Lewis S. Wiener, Esq.
SUTHERLAND, ASBILL & BRENNAN
1275 Pennsylvania Avenue, N.W., Washington, D.C. 20004-2415

Richard Davis, Esq.
DAVIS & FIELDS, P.C.
P.O. Box 2925, Daphne, AL 36526

Joseph D. Steadman, Esq.
DODSON & STEADMAN
P.O. Box 1908, Mobile, AL 36633-1908

For the STATE OF ALABAMA:
Honorable William D. Little
Assistant Attorney General

N:\GMoore\Dauphin Island POA\Joint Motion re Final Report 10-30-07.wpd

Applied Coastal
RESEARCH AND ENGINEERING, INC.

766 Falmouth Road, Suite A-1
Mashpee, MA 02649
Tel: (508) 539-3737
Fax: (508) 539-3739
mbyrnes@appliedcoastal.com

October 24, 2007

Dr. Susan Ivester Rees
Program Manager
Mississippi Coastal Improvements Program
Planning and Environmental Division
US Army Engineer District, Mobile
P.O. Box 2288
Mobile, AL 36628-0001

Re: Final Report Submission for Dauphin Island/Mobile Pass Study

Dear Susan:

I am in the process of making final updates to the draft report based on review comments prepared by each of the ITRT members. A requirement of the Settlement Agreement involved close coordination among the project PI and ITRT members during the project. This was accomplished with information meetings at the Mobile District, conference calls, and e-mail communication. It was anticipated that these project coordination meetings would provide an effective means for the ITRT to provide direct input throughout the impacts study. In fact, it has worked well. In addition, this coordination process was expected to minimize the need for substantial last-minute evaluations of study data, methods, and results, and changes to the Draft Report.

All comments provided by ITRT members throughout the course of the project and as part of the Draft Report review process are greatly appreciated. I am certain the final product will be better as a result of ITRT input. To date, a number of clarifications and minor corrections have been integrated in the final report to address the comments and suggestions of Dr. Kraus, Mr. Mink, and Mr. Jones; however, Dr. Dean's comments and suggestions require additional scrutiny. His 22-page review report documents concerns regarding the 1917/18 shoreline and bathymetry data, the sea level rise adjustment applied to historical bathymetry data, and their impacts on sediment budget volumes. Overall, Dr. Dean believes the study has not addressed whether maintenance dredging of the Mobile Pass Outer Bar Channel had a measurable impact on the shorelines of Dauphin Island (and if so, how much). I believe the report has addressed this question. The statement in his review report that "the study was not designed to fully provide a firm basis for answering the two Central Questions" must be addressed in detail. Many of Dr. Dean's review comments have been discussed at ITRT meetings or via e-mail in the past, but questions regarding data quality and use require a proper re-evaluation of data sets to address his concerns. He also suggests that a current sediment budget be developed. This process is taking substantially more time and effort than was anticipated, and an extension of the November 1 deadline for submitting the final report is requested. I am requesting a 30-day extension and budget adjustment to complete the final report and fully respond to comments provided by ITRT members.

Thank you very much for considering this request.

Sincerely,

Mark R. Byrnes

Mark R. Byrnes, Ph.D.
Principal Investigator

EXHIBIT
A